**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 2 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ELLIOT C. TOLES,

      Defendant - Appellant.

No. 00-3012
(D.C. No. 99-CR-10086-002)
(District of Kansas)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **McKAY** and **LUCERO**, Circuit Judges.

Elliot Toles was found guilty by a jury of, among other things, three counts of robbery in violation of the Hobbs Act, 18 U.S.C. § 1951. He was sentenced to 121 months on the Hobbs Act counts and an additional thirty years for the other counts, to run consecutively. This appeal raises one issue: Does the Hobbs Act exceed Congress's power to regulate under the Commerce Clause, U.S. Const. art. I, § 8, cl. 3? Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This Court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Toles asserts that the constitutionality of the Hobbs Act must be reevaluated in light of the Supreme Court's recent decisions regarding Congress's power to regulate interstate commerce under the Commerce Clause. See United States v. Morrison, 120 S. Ct. 1740, 1748–54 (2000) (holding that Congress exceeded its authority under the Commerce Clause by enacting the federal civil remedy of the Violence Against Women Act); United States v. Lopez, 514 U.S. 549, 567 (1995) (holding that Congress exceeded its authority under the Commerce Clause by making it a federal offense for any individual to knowingly possess a firearm in a school zone). Specifically, he claims that the prior decisions of this Court upholding the Hobbs Act under the Commerce Clause "cannot survive the combined effect of Lopez and Morrison unless robbery is considered an 'economic activity' as defined in Commerce Clause jurisprudence." (Appellant's Br. at 17.) We review that challenge de novo. United States v. Wilks, 58 F.3d 1518, 1519 (10th Cir. 1995).

In the period between briefing and oral argument, this Court decided United States v. Malone, 222 F.3d 1286 (10th Cir.), cert. denied, 121 S. Ct. 605 (2000). In Malone we considered whether a district court erred in instructing a jury that only a de minimis effect on interstate commerce is necessary to meet the

jurisdictional requirement of the Hobbs Act. [1] Examining our prior jurisprudence in light of the Supreme Court's recent decisions, including Lopez and Morrison, we expressly concluded that the Hobbs Act regulates economic activity and was enacted pursuant to Congress's Commerce Clause powers. Id. at 1295 ("Unlike the statutes at issue in Morrison and Lopez, the Hobbs Act regulates economic activity."). As a result, Toles's challenge to his Hobbs Act convictions must fail.

We hold that enactment of 18 U.S.C. § 1951 was a constitutional exercise of Congress's authority to regulate interstate commerce. Accordingly, we **AFFIRM** Toles's convictions under that statute.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

---

[1] The Hobbs Act reads, "Whoever in any way or degree . . . affects commerce or the movement of any article or commodity in commerce, by robbery . . . shall be fined . . . or imprisoned . . . , or both." 18 U.S.C. § 1951(a). "The term 'robbery' means the unlawful taking or obtaining of personal property . . . ." Id. at § 1951(b)(1).